**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7800**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICARDO M. SUGGS, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. John Preston Bailey, District Judge. (5:06-cr-00027-JPB-1)

Submitted: August 27, 2021          Decided: September 14, 2021

Before WYNN, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ricardo M. Suggs, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo M. Suggs, Jr., appeals the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239. The district court concluded that Suggs' medical records did not bear out all of Suggs' claimed illnesses, determined that Suggs' illnesses did not qualify him for compassionate release, and denied Suggs' motion. On appeal, Suggs contends that his medical records support his claims that he suffers from underdeveloped lungs, chronic prostatitis, nerve damage, sciatica, symptoms of chronic kidney disease, and swollen kidneys, leaving him at an increased risk of COVID-19. Suggs also challenges the district court's use of U.S. Sentencing Guidelines Manual § 1B1.13, p.s., cmt. n.1 (2018), and he disagrees with the court's determination that he remains a danger to the community. We affirm.

"Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if the 'court . . . finds that . . . extraordinary and compelling reasons warrant such a reduction' and that the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and if the § 3553(a) sentencing factors merit a reduction." *United States v. McCoy*, 981 F.3d 271, 275 (4th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). Although there is no policy statement "applicable" to motions for compassionate release filed by defendants, "which means that district courts need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction," *id.* at 283, the policy statement applicable to BOP-filed motions "remains helpful guidance even when motions are filed by

2

defendants," *id.* at 282 n.7; *see United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021). Moreover, even when a district court errs in applying USSG § 1B1.13, p.s., it may not be an abuse of discretion when it considers the same factors under § 3553(a). *See United States v. Kibble*, 992 F.3d 326, 330-32 (4th Cir. 2021) (per curiam). As we have explained, "[a]n inmate's serious medical condition can be the basis" to find "extraordinary and compelling reasons" to grant compassionate release, and COVID-19 raises medical issues in the prison context that are particularly serious." *High*, 997 F.3d at 185 (citing USSG § 1B1.13, p.s., cmt. n.1(A)).

We have reviewed the record and conclude that the district court did not abuse its discretion in its conclusions regarding Suggs' medical susceptibility to COVID-19. *See Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 15, 2021). We further conclude that the district court did not abuse its discretion in determining that Suggs remained a danger to the community.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*